◼ In the Matter of the Claim of ANNA McSWAIN on Behalf of Herself and Stepchildren, Respondent, against EDWARD L. GOEBEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and

its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits, upon a finding that decedent, while employed as a farm hand, died of cerebral concussion as the result of a fall from a hayloft in a cow barn. Decedent's body was found on a concrete platform from which the cows were fed hay, the body being directly beneath the aperture through which the hay was tossed. On the platform, which was customarily swept several times a day, there was hay, to the depth of about four inches, beneath his body. The coemployee who customarily fed hay from this loft had not done that work on the afternoon in question, prior to decedent's death. Although feeding hay to the cows was not part of decedent's usual work, his employer conceded that decedent may have done so occasionally in the past, and it was not unusual for his employees to help each other with their respective tasks. A coemployee had seen decedent walking toward the ladder which led to the loft, about 15 minutes before hearing the thud of a falling object. Decedent's stepson, who was 13 years old at the time of the accident, testified that decedent went to the hayloft to get hay for the cows, sent him to get another hay fork and, after the witness had done so, fell through the opening. Appellants attack the stepson's testimony as fabricated, but its credibility was for the board. Even without this evidence, the board's findings would have been warranted as reasonable inferences from undisputed facts and circumstances, supported by the presumption that the claim is compensable. (Workmen's Compensation Law, § 21.) Neither was the board bound to accept appellants' version of the employer's testimony and find that the employer had instructed decedent not to work. In fact, the employer at one time testified that he recalled no details of the conversation except that he told decedent that he would milk the cows because decedent "wasn't fit *to milk*". The board's finding that the accidental death was not due solely to decedent's intoxication was warranted upon the record and under the presumption to the contrary created by section 21. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.